CECIL BROWN and H. FOCKE, Trustees under the Will of JAMES W. GAY *v.* J. P. MENDONCA.

ERROR TO THE CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 23, 1899.    DECIDED NOVEMBER 27, 1899.

FREAR AND WHITING, JJ., AND H. P. WEBER, ESQ., OF THE BAR, IN PLACE OF JUDD, C.J., ABSENT.

An unattested written agreement purporting to be executed by two parties may be introduced in evidence by either party upon proof of claim by the other of a substantial and abiding interest thereunder, without further proof of execution.

And since the question in such a case is only *prima facie* proof of execution, or waiver of prior proof of execution, it is immaterial whether the agreement purport to be executed by the parties in person or through attorneys in fact.

OPINION OF THE COURT BY H. P. WEBER, ESQ.

This was an action on the case for several acts of trespass alleged to have been committed by defendant in entering upon the lands of plaintiffs, depasturing horses and cattle thereon, cutting firewood and timber thereon and carrying away the same, and appropriating water from an artesian well on the premises.

Upon trial before the circuit judge, jury waived, judgment was rendered in favor of plaintiffs for the trespasses committed

in pasturing cattle and cutting firewood; and for the defendant as to the taking of water—defendant's right in this respect being based upon a written agreement purporting to be made between James W. Gay and defendant through their attorneys in fact respectively.

This instrument was admitted in evidence without prior proof of execution over the objection of plaintiffs' counsel, which is the error assigned.

The agreement in question recites that it is made in compliance with a judgment rendered by the Supreme Court against Mendonca in favor of Gay, on October 17th, 1888, requiring Mendonca to convey to Gay sufficient rice land to make up the quantity of 150 acres of rice-land which Mendonca, in a lease by him to Gay on May 1st, 1884, covenanted was included in the lands thereby demised; and in part reads as follows:

"Now this is to certify that Mendonca has complied with the above decision by giving possession to Gay on October 17th, 1888, of the following portions of his original reserve of 200 acres of rice-land as marked on Gay's and Mendonca's maps:

| | | |
|---|---|---|
| Makai of No. 5...................... | 6.22 | |
| portion of No. 5 (new).............. | 5.45 | |
| | ——— | 11.67 |

and Gay has consented to consider as rice-land already in his possession difference between survey of Rowell and

| | | |
|---|---|---|
| Gay along No. 9................ | 2.23 | |
| Portion of road to landing............ | .97 | |
| | ——— | 3.20 |
| | | ——— 14.87 |

Before the decision was rendered Gay had outside of the 200 acres reserve

| | | |
|---|---|---|
| No. 1.......... ................ | 2.47 | |
| No. 2...... .................. | 55.20 | |
| No. 4................. ......... | 4.26 | |
| | ——— | 61.93 |

and accepted Feb'y 9, 1888, portions of
200 acres reserve,

| | | | |
|---|---|---|---|
| No. 9................24.64 | | | |
| No. 10............: ...... 4.30 | | | |
| | 28.94 | | |
| No. 15...... ............ 9.66 | | | |
| No. 22...... ............ 8.12 | | | |
| No. 23...... ............26.82 | | | |
| | 44.60 | | |
| | | 73.54 | |
| Less ditch reserved by Mendonca in No. 15 ...................... | .08 | | |
| Road reserved by Mendonca in No. 23.. | .26 | | |
| | | .34 | |
| | | | 73.20 |

so that Gay has now his full acres.....          150.

It is understood that J. P. Mendonca and those holding under him have at all times the right of access to the well on the mauka side of the road in Gay's house lot and right of way for the ditch leading from the well to the road (Government Road).

The lots hereinabove mentioned are shown and numbered as specified on both Gay's and Mendonca's maps, being distinguished by color on Gay's map—Mendonca's rice lands are colored green and Gay's 150 acres are colored brown.

Honolulu, December 31, 1888.

JAS. W. GAY,

By his attorney in fact, W. E. Rowell.

J. P. MENDONCA,

By his attorney in fact, C. Bolte.

It is a general rule of evidence that before private writings are admissible in evidence, their execution must be proved; and if there be subscribing witnesses, the execution must be proved by the evidence of at least one of them, or by proof of his or their signature or signatures under certain circumstances. If

the instrument is not attested by a subscribing witness, it is sufficient for the purpose of introducing it in evidence, to prove the signature of the party executing the same.  If executed by an agent or attorney in fact and the execution is denied, the authority must be approved.

But an exception to the rule has grown up, and may now be regarded as established in cases where the instrument is produced by the adverse party upon notice, he claiming an interest under it.

Some uncertainty has been occasioned by the different modes in which the exception is worded by judges and text writers; e. g. it has been said that the interest claimed by the party producing the instrument must be one which has "reference to the subject matter of the suit."  Stephen's Dig. Ev. (Chamberlayne's Ed) pp. 132-3; "or an interest claimed in the same cause."  I Greenl. Ev. (15th Ed) §571 (citing *Reardon v. Minter*, 5 M. & Gr. 204).

But the claim of interest is held to be a distinct recognition of the authenticity of the instrument—an admission of its execution, and no reason occurs to us, nor have we been able to find one suggested anywhere, why the claim of any interest of a substantial and abiding nature should not be sufficient to bring it within the operation of the principle, especially in the case of unattested documents.  The authorities generally tend to uphold this doctrine (Chamberlayne's Best on Ev. p. 214; McKelvey on Ev. 358; I Starkie on Ev. p. 407; *Jackson v. Kingsley*, 17 Johns 158; *McGregor v. Wait*, 10 Gray, 72; *Balliett and Hallam v. Fink*, 28 Pa. St. 266; *Wilkins v. Wilkins*, 4 Ad. & E. 86; *Betts v. Badger*, 12 Johns 223, 226; *Lessee of Rhoades v. Selin*, 4 Wash, 719; *Doe d. Tyndale v. Heming*, 6 B. & C. 28-30; per Parke B, in *Carr v. Burdiss* I Cr. M. & R. at 784) and we adopt it as proper and reasonable and strictly within the design of all rules of evidence.

That Gay both claimed and took possession of the 14.87 acres mentioned in the agreement in issue, and by virtue of it, and that plaintiffs in their capacity of trustees of the estate of Gay have

asserted the same claim and continued in possession, is established by the evidence, and there seems to be no contention on the part of plaintiffs to the contrary.

The maps referred to in the agreement are in evidence and clearly indicate the parcels given up by Mendonca to Gay under the agreement to make up the full 150 acres of rice land to which Gay was entitled under his lease. And all through the testimony of Mr. Focke himself, one of the plaintiffs, there is an unmistakeable recognition of the authenticity of the agreement and an assertion of plaintiffs' rights, as Gay's representatives, under it. This brings the case within the exception above stated, so far as the claim of interest is concerned.

Whatever reasons may be urged for the requirement that a document must come from the party claiming under it upon notice from the other party, they are only applicable to the case of attested documents. Applying the principles heretofore announced to the special circumstances of this case therefore, we have no hesitancy in declaring that the agreement in question executed by both parties was properly admissible in evidence on behalf of either party, upon proof by extrinsic evidence that the other party claimed a substantial and abiding interest thereunder. And since it is only a question as to prima facie proof of execution, or of waiver of prior proof of execution, it can make no difference whether the agreement purported to be executed by the parties in person or through attorneys in fact.

We find no error in the ruling of the trial judge and the judgment below is accordingly affirmed.

*P. Neumann* for plaintiffs.

*A. S Hartwell* for defendant.