## S. K. KAEO *v.* S. OZAKI.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

ARGUED SEPTEMBER 2, 1913.            DECIDED SEPTEMBER 8, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EVIDENCE—*attested instruments—mode of proof.*

In this jurisdiction it is not necessary to prove by the attesting witness any instrument to the validity of which attestation is not requisite. Such an instrument may be proved by admissions or otherwise as if there were no attesting witness thereto.

NAMES—*variance—Anglicizing foreign names.*

In pleading extreme strictness is not required in writing in English a Japanese name.

EVIDENCE—*inconsistency with pleading.*

> In assumpsit an answer admitting that the amount sued for is
> due to seven persons named renders untenable at the trial a claim
> that the debt is due to the seven persons and certain others as
> partners.

### OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit for $452.82 for money alleged to have been received in July, 1903, by defendant from the Mc-Bryde Sugar Company, Limited, a corporation, "belonging to and on account of wages due Sakutaro Hikiji, K. Matsuo, Miyadaki, Yamanaka, Yoneda, Ishida and Yamaguchi, for work performed," it being further alleged in the declaration that the seven Japanese named assigned the claim to the plaintiff. In his answer the defendant expressly admits that at the time named he was indebted to the seven Japanese named in the sum stated but denies that they at any time "legally assigned said claim to plaintiff or that plaintiff is the legal owner of said claim or any part thereof"; and sets up as a further defense a counterclaim for $371.70 for goods furnished and money advanced to plaintiff's assignors. The trial court, jury having been waived, found for the plaintiff for the full amount claimed. The court below found that the testimony given in support of defendant's counterclaim was not "entitled to any credence whatever" and this court is not asked to set aside the finding.

The written assignment introduced in evidence by the plaintiff was attested by a subscribing witness who, although within reach of a subpoena, was not called to testify; nor was proof offered of the signature of the subscribing witness. The appellant relies upon the ancient rule of the common law that the execution of an attested instrument must be established by the subscribing witness if he is available and competent to be examined or if he is not available or competent by proof of his signature; and that the necessity of calling the subscribing witness cannot be dispensed with by the admissions or other testimony of the

parties to the instrument. 17 Cyc. 431; 2 Wigmore, Ev., Secs. 1287, 1288; *Bullions* v. *Loring Brothers,* 1 Haw. 372; *Brown* v. *Mendonca,* 12 Haw. 249. In this Territory, however, as in many other jurisdictions, that rule has been greatly modified by legislative enactment. Our statute prescribes that "it shall not be necessary to prove by the attesting witness any instrument to the validity of which attestation is not requisite; and such instrument may be proved by admissions or otherwise as if there had been no attesting witness thereto." R. L., Sec. 1960. This language is too clear to require construction. It applies, since attestation is not requisite to the validity of the assignment under consideration.

The execution of the assignment was sufficiently proved by other evidence. The plaintiff testified: "I am the plaintiff in this cause as assignee of certain parties therein named in the complaint. The claim was assigned to me by the parties named in the complaint in writing. * * * The assignment was made in English as well as in Japanese; both assignments made by the parties named were made in my office at Nawiliwili by Mr. Sheba" (the subscribing witness). The document being then translated by the Japanese interpreter at the request of the court, the plaintiff resumed: "All these signatures were made at my office and in my presence." There can be no doubt that in this testimony the plaintiff was referring to the original assignment written in Japanese, the only document then before the court, and to the signatures thereon of the seven Japanese named in the declaration. Hikiji, one of the assignors, testified that at the plaintiff's house Ishida, Yamanaka, Matsuo, Yamaguchi, two other co-laborers whose names he did not recall, and the witness had all signed a paper whereby they had transferred to the plaintiff their claim for the wages in question. Ishida, another of the assignors, testified that "because we did not receive any more money", referring to their wages, "everything came into trouble, so we came to Kaeo and sell it out." The evidence was sufficient to support the finding and conclusion of

the trial judge that the execution of the assignment was proven.

The written translation offered in evidence shows two of the signatures to the assignment to have been by "Miyazaki Akitaro" and "Yamada Kinzo" while in this respect the allegation of the declaration was that the assignment was by "Miyadaki"· and "Yamaguchi." Defendant contends that this was a fatal variance or failure of proof. Concerning the second of these names the trial judge says in his written decision: "The Japanese interpreter stated that the names 'Yamada' and 'Yamaguchi' are written almost the same in Japanese and that he is not sure but that the name written is 'Yamaguchi'. A difficulty here is that the name is signed by mark and that the translation offered by the plaintiff in which the name is spelled 'Yamada' was made by the same man who wrote the Japanese assignment and the names of those who signed by mark. If he wrote 'Yamaguchi' in Japanese he must have when he came to translate the assignment into English forgotten what he wrote and made a mistake in reading his own writing. However no Yamada Kinzo appears otherwise to have had anything to do with the matters involved in this case and one of the assignors testifies that Yamaguchi was present at Mr. Kaeo's house and signed with the other six named. This witness did not identify the document but his testimony sufficiently identifies the translation with the document offered in evidence and I find that it was executed by the seven named in plaintiff's complaint as assignors to S. K. Kaeo." This finding, that the signature is "Yamaguchi Kinzo" and not "Yamada Kinzo" is sufficiently borne out by the evidence. In Japanese signatures the surname precedes the baptismal or given name. Miyazaki (or Miyadaki) and Yamaguchi are family names and it is not contended that the mere omission of the baptismal names, Akitaro and Kinzo, in the declaration or their addition in the signatures to the assignment constitutes a variance. As to the difference in spelling between "Miyadaki" and "Miyazaki" (the same Japanese characters, the evidence shows, are used in writing "Miya-

zaki" and "Miyasaki") we adhere to the rule laid down in 1894 in the case of *Republic* v. *Oishi,* 9 Haw. 641, where the court said, with reference to an alleged variance between "Ois" and "Oishi", a Japanese name: "We do not hold anyone to extreme strictness in the paraphrasing or Anglicizing of names foreign to the English tongue, especially when a Hawaiian undertakes to write a Chinese or Japanese name, and whose unaccustomed ears are not sensitive to the pronunciation of their names by the persons themselves." The rule is founded on reason and is applicable to the case at bar.

Under the exceptions the argument is made that the evidence shows that the plaintiff's assignors together with others were partners in the performance of the work for the McBryde Sugar Company and as such partners were entitled to the amount now in suit as "profits" of their undertaking; that prior to the assignment plaintiff had knowledge of the fact that others than the plaintiff's assignors were interested in the "profits"; that the seven assignors, as members of this non-trading partnership were without authority to assign the whole claim to plaintiff; that plaintiff took the assignment with notice of its invalidity and is not entitled to recover; and that the evidence was erroneously excluded which tended to show that plaintiff accepted the assignment with notice. This defense cannot prevail, in view of the fact that defendant admitted in his answer that the amount claimed by plaintiff in this action was due by the defendant to the plaintiff's assignors, thus excluding the theory of a partnership by them with others. If the debt was due to the seven only, it was competent for them to assign their claim.

The exceptions are overruled.

Plaintiff in person.

*S. E. Hannestad (Prosser, Anderson & Marx* with him on the brief) for defendant.